UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT RICCIARDELLI, on behalf of
himself, individually, and on behalf of
all others similarly-situated,

                      Plaintiff,

-against-

PATINA RESTAURANT GROUP, LLC, and
RAPERA, LLC, and
DELAWARE NORTH COMPANIES,
INCORPORATED,

                      Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

Docket No.: 19-cv-6450

Jury Trial Demanded

      VINCENT RICCIARDELLI, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PATINA RESTAURANT GROUP, LLC ("Patina"), and RAPERA, LLC ("Rapera"), and DELAWARE NORTH COMPANIES, INCORPORATED ("Delaware North," and together with Patina and Rapera, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.    This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay employees one hour's pay at the

1

minimum wage rate for any day in which the spread of hours exceeds ten, NYLL § 652(1); 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiff worked for Defendants - - three nominally distinct entities that together operate as a single enterprise to run the Grand Tier Restaurant located at the Metropolitan Opera in Manhattan - - as a butcher in October 2017 and then as a "Sous Chef" from November 1, 2017 until his termination on or about April 23, 2018. As described below, throughout Plaintiff's employment as a "Sous Chef," Defendants failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, from November 1, 2017 until his termination on or about April 23, 2018, Defendants misclassified Plaintiff as exempt from federal and New York overtime laws due to Plaintiff's nominal promotion to Sous Chef, required him to work in excess of forty hours per week, but paid him a flat salary the operated by law to cover only his first forty hours worked per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half his regular rate for each hour that Plaintiff worked per week in excess of forty.

3.  Additionally, for those days when Plaintiff's shift spanned in excess of ten hours from beginning to end, which was almost every workday, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the NYLL and the NYCRR.

4.  Furthermore, while he was working as a "Sous Chef," Defendants failed to provide Plaintiff with accurate wage statements on each payday as the NYLL requires.

5.  Defendants paid and treated all of their "Sous Chef" employees in the same manner.

2

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and its supporting regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Patina was and is a limited liability company organized and existing under the laws of Delaware, with its headquarters and principal place of

business located at 250 Delaware Avenue, Buffalo, New York, 14202. Defendant Patina is registered with the New York State Department of State to receive service at Cogency Global, Inc., 10 E. 40th Street, 10th Floor, New York, New York 10016.

12. At all relevant times herein, Defendant Rapera was and is a limited liability company organized and existing under the laws of Delaware, with its headquarters and principal place of business also located at 250 Delaware Avenue, Buffalo, New York, 14202. Defendant Rapera is also registered with the New York State Department of State to receive service at Cogency Global, Inc., 10 E. 40th Street, 10th Floor, New York, New York 10016.

13. At all relevant times herein, Defendant Delaware North was and is a corporation organized and existing under the laws of Delaware, with its headquarters and principal place of business also located at 250 Delaware Avenue, Buffalo, New York, 14202. Through its ownership of several other entities, Defendant Delaware North is the majority shareholder of Defendant Patina. Defendant Delaware North is also registered with the New York State Department of State to receive service at Cogency Global, Inc., 10 E. 40th Street, 10th Floor, New York, New York 10016.

14. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times during the applicable FLSA limitations period, Defendants' qualifying annual business exceeded and exceeds $500,000, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, buy food products and other goods from vendors in states other than New York that they then sell to their customers in New York, and also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash

that naturally moves across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as a "Sous Chef," and who consent to file a claim to recover damages for overtime compensation, as well as liquidated damages, which are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

18. In addition, Plaintiff seeks to maintain this action individually, on his own behalf, as well as a class action pursuant to FRCP 23(b)(3), on behalf of those who are similarly-situated whom, during the applicable limitations period, Defendants also subjected to violations of the NYLL and the NYCRR.

19. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former employees of Defendants who, at any time during the relevant NYLL statutory period, performed any work for Defendants as a "Sous Chef" within New York ("Rule 23 Plaintiffs").

### Numerosity

21. During the relevant NYLL statutory period Defendants have, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

22. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 Class, including but not limited to the following: (1) the duties that Defendants required and require each

6

Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendants failed or fail to pay Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a workweek; (5) whether the Defendants failed to pay Rule 23 Plaintiffs an additional hour's pay at the statutory minimum wage rate for all days during which their spread of hours exceeded ten; (6) whether the Defendants failed to furnish Rule 23 Plaintiffs with wage statements on each payday accurately containing the information required by NYLL § 195(3); (7) whether the Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (8) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

23. As described in the "Background Facts" section below, Defendants employed and/or employ Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as Sous Chefs, and Defendants failed and fail to: (1) pay them overtime pay at one and one-half times their respective regular rates of pay for all hours worked in a week over forty; (2) provide them with spread of hours pay for each day worked that spanned over ten hours from beginning to end; or (3) furnish them with accurate wage statements on each payday.

24. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

25. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff at the statutorily required rate of one and one-half times his regular rate for all hours worked over forty in a week, did not pay Plaintiff spread of hours pay for each day worked that spanned over ten hours from beginning to end, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

27. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by an employee of Defendants would be virtually identical to a suit brought by any other employee for these same violations. Thus, separate litigation would risk inconsistent results.

29. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

30. The Defendants are three nominally distinct entities that in reality operate as a single enterprise, in that they all have an interrelation of operations in owning and operating numerous upscale restaurants in Manhattan, including the Grand Tier Restaurant located at the Metropolitan Opera in Manhattan. In addition to the Grand Tier Restaurant, Defendants Patina and Delaware North also together operate and manage other top-tier restaurants in Manhattan, such as: The Sea Grill, Lincoln Ristorante, Brasserie 8½, Rock Center Café, Stella 34 Trattoria, Chef Street, State Grill and Bar, and Nick & Stef's Steakhouse – NYC, and Rowlands Bar & Grill. Defendants share their human resources department, corporate counsel, executives, and corporate offices and - - through a shared website - - centralize their hiring process.

31. Plaintiff began working for Defendants in October 2017 as a butcher at the Grand Tier Restaurant.

32. Thereafter, on November 1, 2017, Defendants "promoted" Plaintiff to "Sous Chef." In this capacity, Plaintiff's primary duties were merely that of a line cook. Plaintiff did not have any managerial responsibilities such as setting the schedule, enforcing or implementing Defendants' policies, supervising employees, hiring or firing employees, or interviewing potential employees. Instead, his primary duties were merely cooking and preparing food. Plaintiff worked for Defendants in this capacity until April 23, 2018.

33. Throughout his time working for Defendants a Sous Chef, Defendants required Plaintiff to work, and Plaintiff did work, four days a week from 10:00 a.m. until 11:30 p.m., and one day a week from 9:00 a.m. until 11:30 p.m., without a scheduled or uninterrupted break during any shift. Thus, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-eight hours and thirty minutes per week.

34. Despite the clearly non-exempt nature of Plaintiff's work, from November 1, 2017 until Plaintiff's termination on or about April 23, 2018, Defendants paid Plaintiff a flat salary of $60,000.00, or $1,153.85 each week, which was intended to and operated by law to cover only the first forty hours that Plaintiff worked each week, and thus amounts to an hourly rate of $28.85. Thus, from November 1, 2017 until the end of his employment, Defendants failed to pay Plaintiff at any rate of pay, let alone at the overtime rate of one and one-half times his regular hourly rate, which was $43.28, for any hours that Plaintiff worked over forty in a week.

35. By way of example only, during the week of December 3 through December 9, 2017, Plaintiff worked the following schedule:

       Sunday, December 3, 2017: 10:00 a.m. until 11:30 p.m.;

       Monday, December 4, 2017: Off;

       Tuesday, December 5, 2017: Off;

       Wednesday, December 6, 2017: 10:00 a.m. until 11:30 p.m.;

       Thursday December 7, 2017: 10:00 a.m. until 11:30 p.m.;

       Friday, December 8, 2017: 10:00 a.m. until 11:30 p.m.;

       Saturday, December 9, 2017: 9:00 a.m. to 11:30 p.m.

Accordingly, Plaintiff worked a total of sixty-eight hours and thirty minutes during this week. In exchange for his work this week, Defendants paid Plaintiff a salary of $1,153.85 for his first forty

hours of work only, which amounts to an hourly rate of $28.85 per hour. Defendants did not pay Plaintiff for the twenty-eight hours and thirty minutes that Plaintiff worked in excess of forty during this week at any rate of pay, much less at his overtime rate of $43.28.

36. Moreover, for those days when Defendants required Plaintiff to work, and Plaintiff did work a shift that spanned in excess of ten hours from beginning to end, which was nearly every shift that Plaintiff worked throughout his employment with Defendants, including all those specific shifts identified in the previous paragraph, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate for each day.

37. Defendants paid Plaintiff on a weekly basis.

38. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

39. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

40. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

41. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46. Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

49. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

52. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Spread of Hours Violations Under the NYLL and the NYCRR*

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 652(1) and 12 NYCRR § 146-1.6 require employers to compensate employees who work in restaurants, regardless of their rate of pay, with one additional hour of pay at the minimum wage rate for each day in which the employee's spread of hours worked exceeds ten from beginning to end.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees who worked or work in restaurants within the meaning of the NYLL and the NYCRR.

58. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in accordance with the NYLL's and the NYCRR's spread of hours requirements.

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to receive one hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten from beginning to end.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to recover liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread of hours provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

63. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with wage statements that accurately contained all of the criteria required under the NYLL.

64. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

65. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

66. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs, for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs and expenses, and an award of a service payment to Plaintiff;

  i. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

  j. Pre-judgment and post-judgment interest, as provided by law; and

    k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       July 11, 2019

                        Respectfully submitted,

                        BORRELLI & ASSOCIATES, P.L.L.C.
                        *Attorneys for Plaintiff*
                        655 Third Avenue, Suite 1821
                        New York, New York 10017
                        Tel. (212) 679-5000
                        Fax. (212) 679-5005

By: *(signature)*
                        CAITLIN DUFFY, ESQ. (CD 8160)
                        ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                        MICHAEL J. BORRELLI, ESQ. (MB 8533)